### 17202. MILLS *v.* THE STATE.

BLOODWORTH, J. This case and the case of *Mills* v. *State,* ante, 471, grew out of the same transaction. The two cases were tried together, and the rulings in that case control this one.

Judgment affirmed. *Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 15, 1926.

Selling intoxicating liquor; from city court of Bainbridge— Judge Spooner. January 25, 1926.

*P. D. Rich, Drake & Drake,* for plaintiff in error.

---

### 17275. HEYWARD *v.* RAMSEY.

1. The amendment allowed did not set forth a new and distinct cause of action.
2. In the original petition there was enough to amend by.
3. It was not necessary to attach to the petition a copy of the contract referred to therein.

DECIDED JUNE 15, 1926.

Complaint; from Habersham superior court—Judge J. B. Jones. November 24, 1925.

This is the second appearance of this case in this court. When first here it was held that the allegations in the original petition were not sufficient to support an action for an "account stated." See *Heyward* v. *Ramsey,* 31 *Ga. App.* 14 (121 S. E. 847), where the original petition of the plaintiff is shown. When the case was again tried in the superior court the plaintiff, by amendment, struck from the petition the allegation that the indebtedness for which suit was brought was for an "account stated and agreed to," and submitted in lieu thereof the words "upon an open account." This amendment was demurred to in writing, as follows: "1. That said amendment filed on the 26th day of November, 1924, undertakes to set forth a new and distinct cause of action from the original effort of an alleged cause as contained in the petition; that said petition and amendment do not set out a bill of particulars, and do not set out a cause of action on an open account. 2. That plaintiff seeks in said amendment to sue on an open account, but the pleadings of plaintiff, contained in the original petition and

Appeal and Error, 4 C. J. p. 864, n. 34.
Pleading, 31 Cyc. p. 362, n. 39; p. 415, n. 29; p. 556, n. 69.